# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# Miami Division

CASE NO.: _____

| | |
|---|---|
| RYAN W. ZIMMERMAN,<br><br>    Plaintiff,<br>v.<br><br>AL JAZEERA AMERICA, LLC, et al.,<br><br>    Defendants. | Case No. 18-Misc._____<br><br>CASE IN OTHER COURT: *Ryan W. Zimmerman, et al. v. Al Jazeera America, LLC, et al.*, Case Nos. 16-cv-00013 (KBJ) and 16-cv-00014 (KBJ) (D.D.C.) |
| RYAN J. HOWARD<br><br>    Plaintiff,<br>v.<br><br>AL JAZEERA AMERICA, LLC, et al.,<br><br>    Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH
AL JAZEERA'S SUBPOENA SERVED ON AT&T MOBILITY**

Ryan W. Zimmerman ("Zimmerman") and Ryan J. Howard ("Howard") (together, the "Players") submit this Memorandum of Law in Support of their Motion to Quash the Subpoena issued by Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA) Inc., and Deborah Davies (collectively "Al Jazeera") to non-party AT&T Mobility, LLC ("AT&T") pursuant Federal Rule of Civil Procedure 45(d)(3)(A).

**PRELIMINARY STATEMENT**

This motion arises from an attempt by Al Jazeera to seek phone records from AT&T for a period of more than six (6) years for the Players—Howard, a former Major League Baseball ("MLB") All Star and Most Valuable Player, and Zimmerman, also an MLB All Star and an

integral member of the Washington Nationals. This remarkably overbroad and invasive request arises from the defamation and false light actions the Players filed against Al Jazeera, which has been proceeding in the District Court for the District of Columbia since January 5, 2016. *See Ryan W. Zimmerman*, *et al. v. Al Jazeera America, LLC, et al.*, Case Nos. 16-cv-13 (D.D.C.) ("Underlying Action"). Specifically, the Players sued Al Jazeera over false and unsubstantiated allegations the network made in a documentary called *The Dark Side*, which purported to investigate doping in professional sports. In the documentary, Al Jazeera falsely accused the Players, among others, of using a performance-enhancing drug ("PED") known as Delta-2 that is banned by MLB. The statements linking the Players to Delta-2 were made by a now discredited, single source named Charlie Sly ("Sly"), who repeatedly recanted his statements about the Players prior to publication of the documentary.

Discovery in the Underlying Action began sixteen (16) months ago on May 12, 2017. Since that time, Al Jazeera has had ample time to pursue discovery from the Players and various non-parties, including by issuing hundreds of discovery requests to the Players, as well as by serving approximately 128 subpoenas to various third-parties. Al Jazeera has previously sought discovery from AT&T, the cellular provider for Sly—Al Jazeera's sole source. In response to that subpoena, AT&T produced more than 21,000 pages of documents—the vast majority of which have no relevance to this case. Critically, there is not a single reference to the Players or their phone numbers in any of the 21,000 plus pages produced by AT&T. Dissatisfied with the results of the AT&T subpoena, Al Jazeera has now issued another remarkably overbroad subpoena to AT&T, seeking over six (6) years of highly personal and sensitive phone records from the Players, including over two (2) years of records **after** the Players filed their lawsuits. *See* Al Jazeera's

Subpoena to AT&T, dated Aug. 29, 2018 (Exhibit A).  For several reasons, the subpoena should be quashed.

To start, the subpoena is overbroad, duplicative, and not likely to lead to the discovery of relevant evidence and should be quashed on any of these grounds.  The subpoena is unbounded in scope and not limited in any way to phone numbers associated with individuals related to the Underlying Action.  Instead, the AT&T subpoena is likely to generate literally thousands of pages of irrelevant information having no connection to the Underlying Action—as was the case with the AT&T subpoena seeking Sly's phone records.  Sly's records confirm what the Players have said all along:  the Players have never had phone communications with Sly.  Given that Sly's records are unambiguous on this point, there is no basis to allow Al Jazeera to pursue such sensitive information from high-profile, public figures.  This is particularly the case here where Al Jazeera has challenged the propriety of virtually all of the Players' confidentiality designations made pursuant to the protective order in the Underlying Action, leaving the Players with no assurances that their private information will remain private.  The Court, should, therefore, quash the AT&T subpoena.

In addition, the subpoena is untimely.  Fact discovery originally was scheduled to close on June 13, 2018, and, following an extension, now will close on October 12, 2018.  In response to an interrogatory, the Players provided Al Jazeera with information pertaining to their cell phone accounts on November 14, 2017.  Rather than pursue further discovery relating to the Players' mobile accounts with the service providers, Al Jazeera stood idly by for ten (10) months as discovery progressed towards completion. Then suddenly, on August 29, 2018—less than 45 days before the close of fact discovery—Al Jazeera served a subpoena on AT&T.  Al Jazeera's unreasonable delay can only be explained by its desire to obtain (yet another) extension of the now

3

sixteen (16) month discovery period. But that is no basis upon which to permit such highly invasive discovery of public figures' most private information.

## I. THE AT&T SUBPOENA SEEKS IRRELEVANT INFORMATION AND IS OVERBROAD

The AT&T subpoena should be quashed because it is overbroad and duplicative. It represents nothing more than a fishing expedition unlikely to result in relevant information.

Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts have held that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26," and thus, courts "must determine whether the subpoenas *duces tecum* at issue seek irrelevant information and/or are overly broad under the same standards set forth in Rule 26(b)." *Barrington v. Mortage IT, Inc.*, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007). "When discovery does not relate to the actual issues in the case, then it does not meet the relevance and proportionality requirements." *Runton by & through Adult Advocacy & Representation v. Brookdale Senior Living, Inc.*, 2018 WL 1083493, at *6 (S.D. Fla. Feb. 27, 2018). Courts, therefore, may grant motions to quash where they "have serious doubts" as to the relevance of the documents sought. *Am. Fed'n of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 478 (S.D. Fla. 2011); *see also Winter v. Bisso Marine Co.*, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) (granting motion to quash subpoena for plaintiff's phone records where the defendant's relevance theory was "too tenuous to support a finding that the requested records are relevant to any party's claim or defense").

Here, there can be no serious question that a response to the AT&T subpoena would return endless amounts of irrelevant information. Specifically, the AT&T subpoena seeks highly personal records spanning over six (6) years and seeks "all incoming and outgoing calls (including

4

activity relating to successful calls, non-billed call attempts, and incomplete calls), text messages, and other electronic instant messages, including but not limited to iMessages, sent and received" by the Players' cell phone numbers from January 1, 2012 to the present. *See* Ex. A at 8–10. The subpoena thus is certain to generate thousands of pages of irrelevant information. Rather than craft a narrow, targeted subpoena, Al Jazeera issued a subpoena that is not limited in any meaningful way. When counsel for the Players attempted to meet and confer with Al Jazeera's counsel on September 10, 2018, to narrow the scope of the subpoena, Al Jazeera's counsel refused to consider any modifications to the subpoena, instead insisting on seeking all of the Players' phone records, including records relating to calls, for instance, with their family members. Al Jazeera has failed to articulate how any of these and the many other unrelated communications are relevant to the claims or defenses in the Underlying Action. Instead, Al Jazeera proposes to wade through thousands of personal and sensitive records, hoping that its shot in the dark might hit something. In short, the AT&T subpoena is meant to harass the Players, public figures with a substantial interest in maintaining the confidentiality of their personal information, and cause further delay to an already extended and lengthy discovery period.

  The mere fact that phone records ***may*** contain relevant information does not mean, however, that they are subject to unlimited discovery. *See StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, 2014 WL 12621582, at *2 (M.D. Fla. June 13, 2014) (subpoenas "seek[ing] information already requested from Defendants, and seek[ing] information unrelated to this action" were overbroad and burdensome even though it was "possible that the non-parties possess[ed] relevant information related to the claims and defenses at issue"); *McMullen v. GEICO Indem. Co.*, 2015 WL 2226537, at *2 (S.D. Fla. May 13, 2015) ("Although the Rules 'strongly favor full discovery whenever possible,' discovery 'is not without limits'") (internal citations omitted). This

longstanding rule applies even more forcefully, when the Federal Rules of Civil Procedure specifically were modified in 2015 to curb abusive discovery practices based on tangential claims of relevance. *See* Fed. R. Civ. P. 26(b)(1), Advisory Committee Note to 2015 Amendment ("The present amendment restores the proportionality factors to their original place in defining the scope of discovery.").

The Players' personal phone records "undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls . . . . This raises significant privacy concerns." *Smith v. Pefanis*, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (quoting *Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.*, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999)). This privacy concern is particularly acute given the Players' public-figure status. Because the subpoena is overbroad, it is certain to return thousands of pages of irrelevant personal information. Under these circumstances, the Court should quash the AT&T subpoena. *See Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 2015 WL 3484743, at *3 (M.D. Fla. June 2, 2015) (granting motion to quash subpoena that is "overbroad, 'tangential' to the underlying lawsuit, potentially harmful . . . and, thus, unduly burdensome under Fed. R. Civ. P. 45(d)"); *see also Mey v. Interstate Nat'l Dealer Servs., Inc.*, 2015 WL 11257059, at *2 (N.D. Ga. June 23, 2015) (defendant had "not provided anything other than conjecture that [plaintiff's] phone records may relate to her credibility," or "that they might in some way reveal" evidence relevant to a defense); *Pefanis*, 2008 WL 11333335, at *3 ("While defendants may be able to establish the relevance of some of plaintiff's phone records, they have not shown any reason that they should

be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena.").

## II. THE AT&T SUBPOENA IS DUPLICATIVE

Even if the AT&T subpoena were reasonably calculated to lead to the discovery of admissible evidence (which it is not), any responsive information possibly contained in these records has already been produced to Al Jazeera by the Players and other non-parties. Under Rule 26, courts must limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C); *see also Am. Fed'n of State, Cty. & Mun. Employees (AFSCME) Council 79*, 277 F.R.D. at 478 (S.D. Fla. 2011) (finding that the defendant was "able to obtain similar documents or information from other sources, as evidenced by the materials submitted in support of his motion for summary judgment" and holding that "credibility or impeachment purposes do not justify the broad scope of these subpoenas that will produce little tangible evidence for use in this case"); *Mey*, 2015 WL 11257059, at *1 (quashing subpoena for phone records from AT&T over a four-year period where plaintiff had already produced "phone bills for the [two-year] timeframe which encompasse[d] the phone calls upon which this action [was] based").

The Players have already produced hundreds of pages of responsive, non-privileged material from their mobile devices in response to Al Jazeera's requests, including hundreds of pages of text messages they exchanged with various non-parties identified in Al Jazeera's discovery requests. The AT&T subpoena will simply provide duplicative information, albeit with far less detail. Additionally, the records that Al Jazeera hopes to receive from AT&T will ***not*** contain the smoking gun that Al Jazeera seeks, and Al Jazeera knows it. As discussed, Al Jazeera has already received 21,000 pages of phone records from Sly in response to another subpoena it served on AT&T. The Players' phone numbers, however, appear nowhere in this tome of records.

7

Any records produced by AT&T will not reveal any new information in this regard. As such, the Court should grant the Players' Motion to Quash Al Jazeera's duplicative subpoena.

### III. THE AT&T SUBPOENA IS UNTIMELY

Finally, Al Jazeera's subpoena is untimely and should be quashed on this grounds as well. Federal Rule of Civil Procedure 26(b)(2) requires courts to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2); *see also Webb v. U.S. Bank, N.A.*, 2014 WL 12461040, at *3 (N.D. Ga. Dec. 16, 2014) (quashing subpoena "allowing less than eleven business days before the close of discovery"); *Griffen v. Bank of Am. Corp.*, 2010 WL 11598112, at *1 (N.D. Ga. Feb. 8, 2010) (subpoena quashed as untimely when served "on the eve of the discovery deadline" because "Plaintiffs had ample time" to request the records earlier in the case "but elected not to do so" and "should not be permitted to . . . circumvent the normal discovery process based on their lack of diligence"). That is precisely what the Court should do here given Al Jazeera's unreasonable and inexplicable delay in seeking the records it now belatedly demands.

Specifically, on September 11, 2017, Al Jazeera served an interrogatory on the Players requesting that they "[i]dentify each cellular phone carrier with which [the Players] has had a contract or service relationship for the time period January 1, 2012 through December 31, 2015, cellular phone numbers, and the model or type of cellular phones used by [the Players], including the current status or location of each cellular phone used during that time period, whether [the Players] still possess the cellular phone(s) used, and, if not, when and how such cellular phone(s) left [the Players'] possession." Excerpt of Al Jazeera's First Set of Interrogatories, at No. 12 (Exhibit B). The Players responded to this interrogatory on November 14, 2017 by providing

8

descriptions of phones used during this time period, the phone numbers linked to these devices, and the service providers associated with these accounts. Zimmerman also supplemented his response on April 20, 2018, to provide additional information requested by Al Jazeera. Now, ten (10) months after learning the Players' cell phone numbers and carrier information, Al Jazeera served its subpoena on AT&T on the eve of the close of fact discovery in a blatant attempt to further delay and force yet another extension of the discovery schedule that has already been extended four months due, in large part, to Al Jazeera's refusal to provide the Players with full and complete discovery. *See* Joint Motion to Modify the Scheduling Order, 16 Civ. 00013 (D.D.C.) Dkt. No. 115 (May 30, 2018). Al Jazeera's stalling tactics are transparent and improper under Fed. R. Civ. P. 26(b)(2), and the Court should quash the AT&T subpoena for this independent reason.

### IV.  IN THE ALTERNATIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

In the alternative, the Court should transfer this Motion to the U.S. District Court for the District of Columbia, where the Underlying Action is pending. The court where compliance is required (*i.e.*, this Court) may transfer a motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Courts have held that the avoidance of inconsistent results is an exceptional circumstance warranting transfer of a motion to quash. *See, e.g.*, *The Dispatch Printing Co. v. Zuckerman,* 2016 WL 335753, at *3 (S.D. Fla. Jan. 27, 2016) ("there is a demonstrable risk of inconsistent discovery rulings, which the Advisory Committee Notes expressly recognize as an exceptional circumstance"); *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("This potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes. And transferring the motion to quash pending before this Court advances the

9

objective of avoiding inconsistent rulings."); *UBS Sec. LLC v. Third Eye Capital Corp.*, 2014 WL 12613381, at *3 (C.D. Cal. Oct. 21, 2014) (granting motion to transfer where "the Southern District of New York is in a better position to rule on the motion to compel due to its familiarity with the scope of the S.D.N.Y. action"); *F.T.C. v. v. A± Fin. Ctr., LLC*, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranting transferring motions to quash "to avoid inconsistent outcomes and for purposes of judicial economy"). The Advisory Committee Notes expressly recognize the risk of inconsistent rulings as an exceptional circumstance and provide that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee Notes.

Here, there is a demonstrable risk of inconsistent judgments because Al Jazeera has also served substantially similar subpoenas on non-parties Verizon Wireless and Apple, with compliance required in New York and California, respectively. These subpoenas seek the same overbroad, duplicative information sought by the AT&T subpoena, and Howard and Zimmerman are filing motions addressing these same issues in both additional jurisdictions. Because this Court's judgment "might differ from another court's resolution of such a motion," it is appropriate for this Court to transfer this case to the U.S. District Court for the District of Columbia. *Wultz v*, 304 F.R.D. at 46; *see also*, *Zuckerman,* 2016 WL 335753, at *4 (granting the motion to transfer due to "the risk of inconsistent discovery rulings, the duration and complexity of the underlying litigation, and the interests of judicial economy and efficiency").

In addition, the U.S. District Court for the District of Columbia is best suited to address the issues raised in this Motion because it has a number of related discovery motions pending

resolution. *See* 16 Civ. 00013 (D.D.C.) Dkt. Nos. 69, 98, 104, 107. All of these pending motions implicate the scope of permissible discovery in the Underlying Action, and thus, the District Court for the District of Columbia is best positioned to address the discovery disputes raised by the AT&T subpoena. Thus, should the Court decline to quash the Al Jazeera's subpoena, the Court should transfer this Motion to the District Court for the District of Columbia to avoid inconsistent judgments in multiple jurisdictions.

## CONCLUSION

For the foregoing reasons, the Players respectfully requests that the Court grant their Motion Quash Al Jazeera's Subpoena Served on AT&T pursuant to Federal Rule of Civil Procedure 45(d).

Dated: September 12, 2018

Respectfully submitted,

By: */s/ Juan P. Morillo*
Juan P. Morillo
Florida Bar No. 135933
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I St. NW, 9th Floor
Washington, DC 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100
juanmorillo@quinnemanuel.com

Ellyde R. Thompson
(*pro hac vice* pending)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
ellydethompson@quinnemanuel.com

*Counsel for Ryan W. Zimmerman and Ryan J. Howard*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of Ryan W. Zimmerman's and Ryan J. Howard's Memorandum of Law in Support of the Motion to Quash Al Jazeera's Subpoena Served on AT&T Mobility, the accompanying Declaration of Scott E. Lerner, and the accompanying exhibits were served upon the following counsel for Al Jazeera Media Network, Al Jazeera International (USA) LLC (formerly known as Al Jazeera International (USA), Inc.), Al Jazeera America, LLC, and Deborah Davies on September 12, 2018 at the following e-mail addresses:

    Gregg L. Bernstein—gbernstein@zuckerman.com

    Alicia Shelton—ashelton@zuckerman.com

                                                /s/ Scott E. Lerner
                                                Scott E. Lerner